The PEOPLE of the State of
Colorado, Complainant,

v.

Joseph Patrick MADIGAN,
Attorney–Respondent.

No. 96SA54.

Supreme Court of Colorado,
En Banc.

April 8, 1996.

Linda Donnelly, Disciplinary Counsel, and
James S. Sudler, Assistant Disciplinary
Counsel, Denver, for Complainant.

No appearance on behalf of Attorney–Respondent.

PER CURIAM.

A hearing panel of the supreme court
grievance committee approved a hearing
board's findings in this lawyer discipline proceeding, but modified the board's recommendation of a two-year suspension from the
practice of law to three years, with reinstatement conditioned on certain restitution. The
respondent defaulted before the grievance
committee and has not appeared in this
court. We accept the panel's recommendations.

## I

The respondent was admitted to practice law in Colorado in 1988. Because the respondent did not answer the two complaints filed by the assistant disciplinary counsel, a default was entered against him and the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo. 1993). Based on the respondent's default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

## A

The respondent contracted in 1991 and 1992 with the owner of Consolidated Investment Service, Inc. (C.I.S.), a securities broker based in Denver. The respondent was to provide legal services for C.I.S., including defending claims or complaints brought against its representatives before the National Association of Securities Dealers, Inc. (NASD).

One of the registered representatives of C.I.S., Donna Carlton, informed the owner of C.I.S. that a claim had been filed against her at the NASD. Carlton was a securities broker in Minneapolis. The owner of C.I.S. asked the respondent to handle the matter and told Carlton that the respondent would represent her.

The respondent filed a response to the claim against Carlton along with a motion to dismiss on October 30, 1991, but did not discuss the matter with Carlton. The respondent met her in November 1991 in Minneapolis, but the respondent was busy and did not discuss the matter with her. He gave Carlton the impression, however, that he was working on other general C.I.S. matters, and not her case. Other than filing a response and a motion to dismiss, the respondent took no action on Carlton's behalf, nor did he provide her with copies of any of the pleadings. The respondent also failed to tell Carlton that his motion to dismiss had been denied.

On December 3, 1991, the NASD sent the respondent a certified letter notifying him that the hearing date in the Carlton matter was February 4, 1992. The respondent's secretary signed for the letter on January 6, 1992. The NASD also wrote to the respondent on December 19, 1991, and provided general information about the place, time, and procedure for the arbitration.

In January 1992, the owner of C.I.S. and the respondent had a serious disagreement over the respondent's work for C.I.S., and the respondent's employment was terminated. The respondent did not notify Carlton that he no longer represented C.I.S., and that he would not represent her. He did not file a motion to withdraw or a motion for substitution of counsel with the NASD.

The lawyer who replaced the respondent at C.I.S. only learned of the Carlton matter sometime in February 1992, after the hearing was held. The new C.I.S. lawyer stated that the respondent denied receiving notice of the Carlton matter. In addition, the respondent did not provide any information to the new C.I.S. lawyer prior to the hearing. The respondent did execute an undated affidavit saying that he had never received notice of the hearing. Nevertheless, an envelope containing the hearing notice was found in the respondent's files at the C.I.S. office.

In any event, the NASD held a hearing on the Carlton matter on February 4, 1992, which neither the respondent nor Carlton attended. The NASD arbitrators entered findings against Carlton. An award in favor of the claimant for about $31,000 was entered against Carlton and three other defendants, who were jointly and severally liable. The hearing board found that once the arbitration award was entered, Carlton had no right of review or appeal of that award. In fact, Carlton only learned of the respondent's failure to represent her when she found out that a default judgment had been entered against her by the arbitrators. Carlton was compelled to file for bankruptcy because of the NASD arbitration proceedings.

■ The hearing board found that the respondent's conduct violated DR 2–110(A)(2) (a lawyer shall not withdraw from employment until he has taken steps to avoid foreseeable prejudice to the rights of the lawyer's client); and DR 6–101(A)(3) (a lawyer

shall not neglect a legal matter entrusted to the lawyer).

## B

On December 14, 1991, the respondent was charged with driving under the influence of alcohol (DUI), speeding, and improper vehicle registration. He pleaded guilty to driving while ability impaired (DWAI) on June 24, 1992. The respondent received a fine of $500 and a jail sentence of ten days, both of which were suspended.

On January 30, 1993, the respondent was again charged with DUI. He pleaded guilty to DWAI on February 15, 1994. On May 7, 1993, the respondent had been charged with DUI a third time when he left the scene of an accident after striking an unattended vehicle, and driving while his license was revoked. He pleaded guilty to DWAI on October 22, 1993, and was sentenced to sixty days in jail, forty days of which were suspended.

■ The above conduct which occurred before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 1–102(A)(6) and R.P.C. 8.4(h) (engage in conduct that adversely reflects on the lawyer's fitness to practice law), as well as C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States). Because the respondent did not self-report any of the foregoing convictions as he was required to do under C.R.C.P. 241.16(b), he also violated C.R.C.P. 241.6(6) (any act or omission which violates the rules regarding lawyer discipline and disability or which violates an order of discipline or disability).

## C

On February 4, 1994, the respondent presented the Douglas County Sheriff's Department with a signed writ of execution and other documents with respect to a judgment

rendered by the Arapahoe County District Court. He gave them a check on his account for $62.50, made out to the sheriff's office. Four days after he wrote the check, the respondent's account was overdrawn and never again had a positive balance. The respondent's account was closed on March 1, 1994, even though he had checks outstanding. When the sheriff's office attempted to deposit the respondent's check on March 1, 1994, after incurring $62.50 in costs, the check was returned stamped "Account Closed."

■ The respondent failed to reply to the letters or numerous telephone calls from the sheriff's office, and when they tried to sue him, the respondent could not be located for service. His conduct therefore violated R.P.C. 8.4(d) (engage in conduct that is prejudicial to the administration of justice, because his check was written in connection with a judicial matter); C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline); and C.R.C.P. 241.6(5) (violation of the criminal laws of a state or of the United States).[1]

## II

The hearing board determined that "[i]n the Carlton matter, respondent essentially abandoned his client." As a result of the respondent's misconduct, "the injury to respondent's client, Ms. Carlton, was serious." Because of the magnitude of this injury, the hearing panel recommended that the respondent be suspended for three years and be required to pay restitution to the Douglas County Sheriff's Department. The assistant disciplinary counsel has not excepted to the recommendations.

This case is similar to *People v. Odom*, 914 P.2d 342 (Colo.), in which we said:

> spondent was also charged with violating C.R.C.P. 241.6(7) because he did not respond to the request for investigation in the sheriff's office matter, but the hearing board's findings and conclusions do not mention this allegation. However, the assistant disciplinary counsel has not excepted to either the board's findings or the panel's action in approving the findings.

1. The formal complaints charged the respondent with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, contrary to DR 1–102(A)(4) and R.P.C. 8.4(c). Nevertheless, the hearing board in this default proceeding did not make any finding with respect to either DR 1–102(A)(4) or R.P.C. 8.4(c), omitting these disciplinary provisions without comment. The re-

Recommendations of the grievance committee as to the proper disciplinary sanction, however, are only advisory. *People v. Raubolt*, 831 P.2d 462, 464 (Colo.1992). Given the seriousness of the respondent's neglect, his abandonment of his clients, and given his apparent "complete indifference to, and disregard of" these disciplinary proceedings, *People v. Crimaldi*, 804 P.2d 863, 865 (Colo.1991), it is problematical whether a long period of suspension is sufficient.

*Id.*, 914 P.2d at 344. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA *Standards* ), provide that, in the absence of mitigating factors, disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Williams*, 845 P.2d 1150 (Colo.1993) (lawyer disbarred after abandoning practice). On the other hand, suspension is appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. *See, e.g., People v. Raubolt*, 831 P.2d 462 (Colo.1992) (neglect, dishonesty, and misrepresentation in client matters over period of years, abandonment of clients, and complete disregard of proceedings before grievance committee and supreme court warranted three-year suspension); *People v. Anderson*, 828 P.2d 228 (Colo.1992) (inclusion of false claim for damages in complaint, failure to prepare case over two-year period, being intoxicated at settlement conference, failure to notify disciplinary counsel of driving while ability impaired conviction, and failure to file complaint while telling clients that settlement is imminent, warrants three-year suspension).

The board found that the following aggravating factors were present: a dishonest and selfish motive on the part of the respondent, ABA *Standards* 9.22(b); multiple offenses, *id.* at 9.22(d); refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); and indifference to making restitution, *id.* at 9.22(j). The respondent did not appear at the hearing, so no evidence of mitigation was presented or found, although the absence of a finding that the respondent has been previously disciplined, *cf. id.* at 9.22(a) (prior discipline is an aggravating factor), suggests that the assistant disciplinary counsel did not present any evidence of prior discipline. *Cf. id.* at 9.32(a) (absence of disciplinary history is a mitigating factor).

As in *Odom*, 914 P.2d at 345:

Prior caselaw would sustain either a long period of suspension or disbarment in this case. However, "[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommendations of the hearing panel and impose a period of suspension rather than disbarment." *Crimaldi*, 854 P.2d at 786.

We therefore accept the hearing panel's recommendations, and order that the respondent be suspended for three years, and be required to pay restitution to the Douglas County Sheriff's Department as a condition of reinstatement.

## III

It is hereby ordered that Joseph Patrick Madigan be suspended from the practice of law for three years, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, prior to seeking reinstatement and as a condition thereof, Madigan shall make restitution in the amount of $70 plus statutory interest from February 4, 1994, to the Douglas County Sheriff's Department. It is further ordered that Madigan pay the costs of this

proceeding in the amount of $135.05 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Madigan shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)-(d).