### III.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by Attorney–Respondent.

**The PEOPLE of the State of Colorado, Complainant,**

v.

**Sally S. TOWNSHEND, Attorney–Respondent.**

**No. 97SA39.**

Supreme Court of Colorado, En Banc.

March 24, 1997.

PER CURIAM.

The respondent in this lawyer discipline case defaulted before the hearing board and has not appeared in this court. A hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board that the respondent be disbarred and pay restitution as a condition for readmission. We accept the panel's recommendation and order that the respondent be disbarred.

### I.

The respondent was admitted to practice law in Colorado in 1986. The hearing board

---

entered a default against the respondent because she did not answer the formal complaint filed in this case. The allegations of fact contained in the complaint were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented by the complainant, the board made the following findings.

### A.

On July 17, 1992, Darla K. Boldt hired the respondent to represent her in a civil action involving General Motors Acceptance Corporation (GMAC). She paid the respondent $1,000. On the same day, the respondent filed a motion for substitution of counsel in *GMAC v. Boldt*, No. 91CV1734, pending in Arapahoe County District Court.

After entering her appearance, the respondent did not reply to her client's requests for information, did not file a disclosure certificate, and did not respond to an attempt to set the matter for hearing. On December 2, 1994, the lawyer for GMAC sent Boldt copies of prior notices and other documents, indicating that they had been sent to the respondent but returned with no forwarding address. Boldt subsequently retained another lawyer to conclude the matter. On November 6, 1995, Boldt sent the respondent a letter requesting an accounting and a refund of unused attorney fees. The respondent did not answer Boldt's letter and did not refund unused fees.

The hearing board concluded that the respondent violated R.P.C. 1.3 (neglecting a legal matter); R.P.C. 1.4(a) (failing to keep a client reasonably informed about the status of a matter); R.P.C. 1.15(a) (failing to hold property of clients separate from the lawyer's own property); and R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Because she did not file a written response to the request for investigation in the Boldt matter, the respondent also violated C.R.C.P. 241.6(7).

### B.

Stanley P. Jurgevich was convicted of first degree murder in 1989.[1] On September 29, 1992, Jurgevich hired the respondent to review the file and investigate possible postconviction remedies. He paid the respondent $1,500.

The respondent sent a letter to Jurgevich on October 13, 1992, acknowledging the receipt of the $1,500, and indicating that she would prepare the necessary documents to obtain a copy of the appellate record. The respondent stated that she would provide Jurgevich with a monthly statement itemizing her expenses. Then, on December 20, 1992, the respondent informed Jurgevich that she had received the transcripts and court files and would send copies to him by January 4, 1993. She did not. Jurgevich's mother's letters of January 23 and May 16, 1993, to the respondent asking about the case went unanswered. On May 5, 1995, Jurgevich requested a refund of any unused attorney fees. The respondent did not answer the correspondence and did not refund unused fees. Jurgevich obtained a default judgment against the respondent in Lincoln County District Court for $1,500 together with statutory interest and costs in the amount of $20.

The respondent's conduct again violated R.P.C. 1.3, R.P.C. 1.4(a), R.P.C. 1.15(a), and R.P.C. 8.4(c). The respondent did not respond to the request for investigation in this matter, contrary to C.R.C.P. 241.6(7).

### II.

The hearing panel approved the board's recommendation that the respondent be disbarred and be required to make restitution to Boldt and Jurgevich as a condition of

---

1. His conviction was affirmed on direct appeal. *People v. Jurgevich*, No. 89CA0749 (Colo.App. Dec. 19, 1991) (not selected for publication). *See* *Jurgevich v. District Court*, 907 P.2d 565, 566 (Colo.1995).

readmission. The hearing board specifically concluded:

> The evidence is clear and convincing that the respondent accepted retainers from two clients, and thereafter, effectively abandoned their matters. Additionally, the respondent failed to account for or return the unearned retainers she collected from Ms. Boldt and Mr. Jurgevich and as a result, the respondent converted those funds to her own use.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that, in the absence of mitigating factors, disbarment is appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>
> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Steinman*, 930 P.2d 596, 599–600 (Colo.1997) (lawyer disbarred who accepted fees from clients and then abandoned them while keeping their money and causing serious harm); *People v. Jamrozek*, 914 P.2d 350, 354 (Colo. 1996) (lawyer disbarred who accepted fees from number of clients, then abandoned them, causing clients substantial harm); *People v. Tucker*, 904 P.2d 1321, 1325 (Colo.1995) (lawyer who abandoned her clients while continuing to collect attorney fees for work that would not be performed disbarred); *People v. Fritsche*, 897 P.2d 805, 806–07 (Colo.1995) (lawyer who effectively abandoned clients and disregarded disciplinary proceedings disbarred).

The respondent did not participate in the hearing before the board and no evidence was submitted in mitigation, so no mitigating factors were found. In aggravation, however, the respondent has prior discipline in the form of a letter of admonition and a private censure, *see id.* at 9.22(a); there is the presence of a dishonest or selfish motive, *see id.* at 9.22(b); a pattern of misconduct, *see id.* at 9.22(c); bad faith obstruction of the disciplinary proceeding by total failure to cooperate as required by the rules, *see id.* at 9.22(e); the respondent has refused to acknowledge the wrongful nature of her conduct, *see id.* at 9.22(g); she has substantial experience in the practice of law, *see id.* at 9.22(i), and she has been indifferent to making restitution, *see id.* at 9.22(j).

Under these circumstances, we accept the hearing panel's and hearing board's recommendations that the respondent be disbarred. We also accept the recommendation that certain restitution be ordered, and we impose the restitution as a condition of readmission.

### III.

It is hereby ordered that Sally S. Townshend be disbarred and that her name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after this opinion is released. It is also ordered that, prior to any application for readmission, the respondent make the following restitution: (1) $1,000 plus statutory interest from July 17, 1992, to Darla K. Boldt; and (2) $1,520 plus statutory interest from September 29, 1992, to Stanley P. Jurgevich.

It is further ordered that the respondent pay the costs of this proceedings in the amount of $160.92 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600–17th Street, Suite 920–S, Denver, Colorado 80202.

KOURLIS, J., does not participate.