**The PEOPLE of the State of Colorado, Complainant,**

v.

**Joseph Patrick MADIGAN, III, Attorney–Respondent.**

**No. 97SA102.**

Supreme Court of Colorado, En Banc.

June 2, 1997.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Deputy Disciplinary Counsel, Denver, for Complainant.

No Appearance by Attorney–Respondent

PER CURIAM.

This is a lawyer discipline case. The respondent defaulted before the hearing board and has not appeared in this court. A hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board that the respondent be disbarred and pay restitution as a condition for readmission. We accept the panel's recommendation and order that the respondent be disbarred.

### I

The respondent was admitted to practice law in Colorado in 1988. A default was entered against the respondent because he did not answer the formal complaints filed in this case. The allegations of fact contained in the complaints were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented by the complainant, the board made the following findings.

The respondent was admitted to the bar of this court on October 27, 1988. On May 11, 1995, the respondent was suspended for failure to comply with mandatory continuing legal education (CLE) requirements. *See* C.R.C.P. 260.6(10). While under this administrative suspension, the respondent represented Christopher Gruber in a sexual assault on a child case in Arapahoe County. The respondent was hired on August 11, 1995, by Gruber's stepfather, Guenter Manczur, who paid the respondent $50 for an initial consultation with Gruber. The respondent agreed to handle the case and Manczur paid him an additional $500.

The preliminary hearing in the Gruber case was set for November 30, 1995. Gruber and Manczur appeared, but the respondent did not. Nor did he notify anyone that he would not be present. The court continued the preliminary hearing so that Gruber could retain new counsel. Manczur subsequently was able to contact the respondent who promised that he would return the $500 advance fee. The respondent has never returned the fee, and has not responded to notices and inquiries from the Office of Disciplinary Counsel about the Gruber case.

Following his suspension for failure to comply with CLE requirements, the respondent was suspended on May 24, 1995 because he failed to pay his attorney registration fees. Despite these two suspensions, on February 6, 1996, the respondent entered his appearance and acted as the lawyer for the debtor in a bankruptcy matter pending in the United States Bankruptcy Court, District of Colorado. In addition, the respondent has not notified the attorney registration office of his new address as required by C.R.C.P. 227(2), and all mail sent to him at his last registered business address has been returned, with the notation that the respondent has moved and left no address.

The hearing board concluded that the respondent violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); Colo. RPC 1.16(d) (failing to take steps to the extent reasonably practicable to protect a client's interests upon termination of representation); Colo. RPC 5.5(a) (practicing law in violation of the regulations of the legal profession); Colo. RPC 8.4(d) (engaging in conduct that is prejudicial to the administration of justice); as well as C.R.C.P. 241.6(6) (violating the rules regarding lawyer discipline and order of discipline); and C.R.C.P. 241.6(7) (failing to respond to a request by the grievance committee without good cause shown, or obstructing the committee or any part thereof in the performance of its duties).

## II

The hearing panel approved the board's recommendation that the respondent be disbarred and be ordered to pay restitution as a condition of readmission. The complainant has not excepted to the recommendation and the respondent has not appeared in this court.

We agree that disbarment is warranted. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client....

ABA *Standards* 4.41. *See, e.g., People v. Fager*, 938 P.2d 138, 140–141 (Colo.1997) (lawyer disbarred who engaged in multiple instances of neglect, failed to return unearned client funds, practiced law under administrative suspension, and converted client funds to his own use); *People v. Townshend*, 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return unearned retainers collected, thereby converting client funds for personal use); *People v. Steinman*, 930 P.2d 596, 599–600 (Colo.1997) (lawyer disbarred who accepted fees from clients and then abandoned them while keeping their money and causing serious harm); *People v. Jamrozek*, 914 P.2d 350, 354 (Colo.1996) (lawyer disbarred who accepted fees from num-

ber of clients, then abandoned them, causing clients substantial harm); *People v. Tucker,* 904 P.2d 1321, 1325 (Colo.1995) (lawyer disbarred who abandoned clients while continuing to collect attorney fees for work that would not be performed); *People v. Fritsche,* 897 P.2d 805, 806–07 (Colo.1995) (lawyer who effectively abandoned clients and disregarded disciplinary proceedings disbarred).

Since the respondent has not participated in these proceedings, the board found no factors in mitigation. We suspended the respondent in 1996 for a period of three years for misconduct similar to that present in this case. *People v. Madigan,* 914 P.2d 346, 349 (Colo.1996). We noted in the previous case that either a long period of suspension or disbarment would be appropriate. *Id.* We elected to follow the hearing panel's recommendation given the "abbreviated record" in those proceedings in which the respondent defaulted, as he has in this case. *Id.* The respondent's continued failure to participate in these discipline proceedings coupled with the misconduct in this case persuade us to accept the hearing panel's recommendation of disbarment.

### III

It is hereby ordered that Joseph Patrick Madigan, III, be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is also ordered that, prior to any application for readmission and as a condition thereof, the respondent make restitution in the amount of $550 plus statutory interest from August 11, 1995, to Guenter Manczur.

It is further ordered that the respondent pay the costs of this proceeding in the amount of $125.74 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days of the date of this opinion.