The PEOPLE of the State of Colorado, Complainant,

v.

Hannah Jeanette Shipp VALLEY Attorney–Respondent.

Nos. 97SA385 & 98SA67.

Supreme Court of Colorado, En Banc.

June 22, 1998.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

We have consolidated two lawyer discipline cases involving the same respondent, Hannah Jeanette Shipp Valley. She defaulted before the grievance committee in both cases and she has not appeared before this court. In No. 97SA385, a hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be suspended for thirty days. The same hearing panel approved the findings and recommendation of a second hearing board in case No. 98SA67 that Valley be disbarred. We accept the panel's and board's recommendations in the second case and order that the respondent be disbarred and be required to make certain restitution prior to applying for readmission.

I.

The respondent was admitted to practice law in Colorado in 1987. On May 14, 1997, we immediately suspended her from the practice of law pending resolution of these proceedings. Since she did not answer either of the formal complaints filed in these two cases, the respective hearing boards entered defaults against her. The allegations of fact contained in the complaints were therefore deemed admitted. See C.R.C.P. 241.13(b); People v. Paulson, 930 P.2d 582, 582 (Colo.1997). Based on the defaults and the evidence presented, the hearing boards found that the following had been established by clear and convincing evidence.

II.  No. 97SA385

The respondent represented John Watson in a condemnation proceeding involving the Regional Transportation District (RTD) in 1993. Watson did not prevail at trial and the respondent filed a notice of appeal on his behalf, but Watson then hired another lawyer to represent him on the appeal. Because the opening brief was due to be filed in May 1996, Watson's new lawyer sent a letter to the respondent on May 13, 1996, advising her that Watson had retained new counsel for the appeal. Enclosed with the letter was a no-

tice of substitution of counsel for the respondent to sign. The new lawyer also asked the respondent to send her Watson's file. The respondent did not answer Watson's appellate lawyer.

On May 31, 1996, Watson's lawyer filed a verified motion for substitution of counsel on behalf of Watson, and mailed a copy to the respondent. The respondent then, inexplicably, checked out the record on appeal from the Colorado Court of Appeals.

On June 14, 1996, the court of appeals entered its order for substitution of counsel. The court's clerk's office contacted the respondent's office and left messages instructing her to return the record. Because the respondent failed to return the record, on August 13, 1996, Watson's lawyer filed a motion to compel and for sanctions. That same day, the respondent returned the record to the court of appeals. The court subsequently issued an order to the respondent to show cause why she should not be assessed fees and costs for failing to return the record in a timely manner. However, the appeal was later dismissed on the motion of Watson's lawyer; the order to show cause was discharged.

The respondent's conduct violated Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interest upon termination of representation); and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice). The respondent's failure to file an answer to the request for investigation filed in this case violated C.R.C.P. 241.6(7) (failing to participate in the disciplinary proceedings).

### III. No. 98SA67

#### A.

William B. Farley hired the respondent to represent him in a dissolution of marriage proceeding in May 1996. He agreed to pay the respondent a $500 flat fee. Farley paid her $400 with the understanding that he would pay the remaining $100 later. The respondent filed the petition for dissolution on May 13, 1996, and the court authorized service by certified mail a week later. However, on October 28, 1996, the court issued an order stating that because there had been no action in the case for five months, the proceeding would be dismissed without prejudice unless the respondent filed proof of service and took additional steps to resolve the matter. The respondent neither responded to the court's order nor informed her client about it, and the case was dismissed on December 20, 1996. In fact, after the middle of 1996, Farley was unable to contact the respondent at all.

In addition to not completing the work necessary for the dissolution of her client's marriage, the respondent did not return his $400 and has not provided him with an accounting of her services. She thereby violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate with a client); Colo. RPC Colo. RPC 1.5(a) (charging and collecting an unreasonable fee since she did not perform the services for which she had charged); Colo. RPC 1.16(d) (failing to take any steps to protect a client upon withdrawal); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by agreeing to represent a client, failing to complete the legal matters promised, and failing to return unearned fees).

#### B.

Deborah Cisneros retained the respondent in April 1996 to represent her in post-dissolution child custody and support matters pending in Pueblo County District Court. Ms. Cisneros lived in Denver. A hearing was set in Pueblo for September 24, 1996, and Ms. Cisneros planned to attend. On the morning of the hearing, the respondent told Ms. Cisneros that she had requested a continuance and the hearing had been postponed. In the early afternoon, however, the respondent informed her client that the motion for continuance had been denied. Ms. Cisneros then drove to the Pueblo County District Court, but was advised upon her arrival that orders had already been entered by default.

In mid-October, 1996, Ms. Cisneros and the respondent prepared a motion to reconsider the orders entered by default. The respondent said she would immediately file the motion for reconsideration and send her

client a copy. The respondent did neither of these things. After October, Ms. Cisneros was unable to contact the respondent, who has not returned her client's documents or $500 advance fee; nor has she provided an accounting of her services. The respondent's conduct again violated Colo. RPC 1.3 (neglect); Colo. RPC 1.4(a) (failing to communicate); Colo. RPC Colo. RPC 1.5(a) (charging an unreasonable fee); Colo. RPC 1.16(d) (failing to take any steps to protect a client upon withdrawal); and Colo. RPC 8.4(c) (conduct involving dishonesty). Because she failed to return her client's documents, she also violated Colo. RPC 1.15(a).

## C.

In September 1995, Craig S. Liggins hired the respondent to look into possible wrongful discharge claims he might have against his former employer and the employer's liability for damage that Liggins's vehicle sustained on the employer's premises. Liggins signed a written fee agreement, and he paid her $500. There is no evidence, however, that the respondent took any steps to pursue the wrongful discharge claim.

Regarding Liggins's vehicle, the respondent advised him to pay her the filing costs and jury fee necessary to transfer the case from the small claims court (where he had filed it) to county court so she could represent him. He paid her $191 on May 31, 1996, and his receipt notes that it was "for filing fee district court." There is no evidence the case was removed to district court, although it was transferred to county court. Following this transfer, Liggins has had no further communication with the respondent. She vacated her office in November 1996, and left no forwarding address. Liggins has tried without success to recover certain documents that he gave the respondent and which he believes are necessary in order for him to pursue his claims. The respondent has not refunded any part of the $691 her client paid her and has not provided him with an accounting.

As in the previous matter, the respondent violated Colo. RPC 1.3, 1.4(a), 1.5(a), 1.15(a), 1.16(d), and 8.4(c).

## D.

The respondent was retained by Frank J. Cisneros in January 1996 to represent him in post-dissolution proceedings involving child support arrearages and visitation. He apparently agreed to pay a flat fee of $1,500. In any event, he paid her a total of $1,000 for which she gave him receipts. Although she did appear with Mr. Cisneros for at least one hearing, he has not been able to contact her since August 1996. She has not returned the receipts for child support payments that he gave her to defend against claims that he failed to pay child support, refunded any of the $1,000 he paid her, and has not provided him with an accounting of her services. As in the foregoing matters, the respondent violated Colo. RPC 1.3, 1.4(a), 1.5(a), 1.15(a), 1.16(d), and 8.4(c).

## IV.

The hearing panel in No. 97SA385 recommended that the respondent be suspended for thirty days. The far more serious misconduct occurred in No. 98SA67, however, which carried a recommendation of disbarment. The hearing board in No. 98SA67 found that the respondent abandoned her law practice; disregarded court orders; made misrepresentations to her clients; and she "effectively abandoned clients in several areas of the law and has seriously impaired the court's ability to administer justice, and impaired her clients' ability to pursue their claims." It is the report in No. 98SA67 upon which we focus.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and

**144**

causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Townshend,* 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return the unearned retainers she collected, thereby converting those funds to her own use); *People v. Steinman,* 930 P.2d 596, 599–600 (Colo. 1997) (lawyer disbarred who accepted fees from clients and then abandoned them while keeping their money and causing serious harm); *People v. Tucker,* 904 P.2d 1321, 1325 (Colo.1995) (lawyer disbarred who abandoned her clients while continuing to collect attorney fees for work that would not be performed).

The respondent did not appear or offer any evidence, and the board found no factors in mitigation. In aggravation, the board found the following: the respondent received a letter of admonition in 1995 for similar misconduct, *see* ABA *Standards* 9.22(a) (previous discipline is an aggravating factor for discipline purposes); she had a dishonest or selfish motive when she engaged in the misconduct, *see id.* at 9.22(b); there is a pattern of misconduct, *see id.* at 9.22(c); there are multiple offenses, *see id.* at 9.22(d); the respondent engaged in a bad faith obstruction of these disciplinary proceedings by intentionally failing to comply with the applicable rules and orders, *see id.* at 9.22(e); her victims were vulnerable, *see id.* at 9.22(h); the respondent had nine years experience in the practice of law when she abandoned her clients, *see id.* at 9.22(i); and she has demonstrated indifference to making restitution, *see id.* at 9.22(j).

Under the circumstances, disbarment is the only appropriate form of discipline. Accordingly, we accept the findings of the hearing boards and hearing panel, and the recommendation of disbarment.

### V.

It is hereby ordered that Hannah Jeanette Shipp Valley be disbarred and that her name be stricken from the list of attorneys authorized to practice before this court, effective upon the release of this opinion. It is also ordered that, prior to any application for readmission, the respondent make the following restitution: (1) $400 plus statutory interest from May 13, 1996, to William B. Farley; (2) $500 plus statutory interest from April 30, 1996, to Deborah Cisneros; (3) $500 plus statutory interest from September 30, 1995, and $191 plus statutory interest from May 31, 1996, to Craig S. Liggins; and (4) $1,000 plus statutory interest form January 31, 1996, to Frank J. Cisneros.

It is further ordered that the respondent pay the combined costs of these proceedings in the amount of $1,015.53 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600–17th Street, Suite 920–S, Denver, Colorado 80202.

SCOTT, J., does not participate.