The PEOPLE of the State of
Colorado, Complainant,

v.

Steven Martin SEGALL, Respondent.

Nos. 03PDJ033, 04PDJ078.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

March 24, 2005.

**REPORT, DECISION AND IMPOSITION OF SANCTIONS PURSUANT TO C.R.C.P. 251.15(b)**

*SANCTION IMPOSED: ATTORNEY DIS-BARRED*

## I. ISSUE

■ As established by default, Respondent knowingly failed to perform agreed-upon legal services in eight client matters, effectively abandoned the practice by engaging in a continuous pattern of neglect, misappropriated client funds by keeping unearned fees, and violated several court orders (including his own child support obligation). Under the law for imposing lawyer discipline, such conduct can result in disbarment. As Respondent did not participate in the Sanctions Hearing, there is no mitigating evidence. Is disbarment the appropriate sanction?

## II. PROCEDURAL HISTORY AND BACKGROUND

On May 5, 2003, the People filed a Complaint in case number 03PDJ033 ("First Complaint"; attached as Exhibit A). Respondent did not file an Answer to the First Complaint within the designated time frame. On June 18, 2004, the People filed a motion for default. On September 15, 2004, the PDJ determined that Respondent had been properly served pursuant to C.R.C.P. 251.32(b), and entered a default on all claims in the First Complaint. Upon entry of default un-der C.R.C.P. 251.15(b), all alleged facts are deemed admitted and all alleged rule violations are deemed established. *People v. Richards,* 748 P.2d 341 (Colo.1987).

On August 2, 2004, the People filed a Complaint in case number 04PDJ078 ("Second Complaint"; attached as Exhibit B). Respondent did not file an Answer to the Second Complaint. On September 23, 2004, the People filed a motion for default. On October 18, 2004, the PDJ determined that Respondent had been properly served pursuant to C.R.C.P. 251.32(b), and entered a default on all claims in the Second Complaint. Upon entry of default under C.R.C.P. 251.15(b), all alleged facts are deemed admitted and all alleged rule violations are deemed established. *Id.*

On October 21, 2004, the People filed a Motion to Consolidate case numbers 03PDJ033 and 04PDJ078. On November 29, 2004, the PDJ granted the Motion to Consolidate. The Court scheduled a Sanctions Hearing on January 19, 2005. The People sent a Confirmation of Sanctions Hearing to Respondent. In addition, on November 17, 2004, counsel for the People discussed the Sanctions Hearing with Respondent by telephone and through email.[1]

The People recommend disbarment. Respondent failed to appear at the Sanctions Hearing or otherwise contest the People's recommendation. At the Sanctions Hearing, the People did not present any witnesses. The People offered and the PDJ admitted three exhibits. Complainant's Exhibits 1 and 2 are the Office of Attorney Regulation Counsel's Combined Reports of Investigation, while Complainant's Exhibit 3 is an email correspondence from counsel for the People to Respondent. Due to this sparse record, the Court must rely primarily on the facts and rule violations found in the First and Second Complaints in determining the appropriate sanction.

## III. FINDINGS AND CONCLUSIONS

Respondent has taken and subscribed the Oath of Admission, was admitted to the Bar of the Colorado Supreme Court on October

1. Complainant's Exhibit 3.

17, 1980, and is registered upon the official records of the Colorado Supreme Court, registration number 10692. Respondent is therefore subject to the jurisdiction of this Court in these disciplinary proceedings pursuant to C.R.C.P. 251.1(b).

For the purpose of determining the appropriate sanction, the Court has considered the facts established by the entry of default, the exhibits offered and admitted, and the People's argument for disbarment. The factual background in this case is fully detailed in each of the admitted Complaints, which are hereby adopted and incorporated by reference.[2] A brief synopsis follows.

The First Complaint enumerates Respondent's misconduct with respect to four separate client matters (all domestic, involving divorce or child custody and support). In summary, Respondent neglected several cases, failed to file required items with the court, failed to provide discovery, failed to communicate with the clients for extended periods of time, failed to appear for appointments, hearings, and depositions, misrepresented his progress on a case to a client, misrepresented the status of an issue to an opposing party, failed to promptly provide a detailed accounting of fees, failed to participate in a suit brought against him by one of the clients for the return of the client's retainer, and failed to respond to a request for investigation.

Thus, the First Complaint establishes that Respondent violated: Colo. RPC 1.3 (failure to act with reasonable diligence and neglect of entrusted legal matters); 1.4(a) (failure to keep client reasonably informed and respond to reasonable requests for information), 1.4(b) (failure to explain a matter to the extent reasonably necessary to permit client to make informed decisions); 1.16(d) (failure to take steps to protect client's interest upon termination of representation); 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal); 8.1(b) (knowing failure to respond reasonably to a lawful demand for information from a disciplinary authority); and C.R.C.P. 251.5(d) (failure to respond to request by Regulation Counsel).

The Second Complaint enumerates Respondent's misconduct concerning four additional client matters (all domestic, involving divorce or child custody and support) and one matter involving Respondent's ex-wife. In summary, Respondent neglected several cases, failed to file required items with the court, failed to ensure that items filed complied with the rules, failed to communicate with clients, failed to advise clients of important issues and deadlines, failed to appear in court, failed to promptly return client files upon termination, failed to return unearned fees upon termination, and failed to respond to requests for investigation. In addition, Respondent failed to make court-ordered child support payments to his ex-wife.

Thus, the Second Complaint establishes that Respondent violated: Colo. RPC 1.3 (failure to act with reasonable diligence and neglect of entrusted legal matters); 1.4(a) (failure to keep client reasonably informed and respond to reasonable requests for information); 1.15(b) (failure to refund or account for retainer funds paid); 1.16(d) (failure to take steps to protect client's interest upon termination of representation and failure to surrender papers and property to the client); 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal); 8.1(b) (knowing failure to respond reasonably to a lawful demand for information from a disciplinary authority); 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); 8.4(d) (conduct prejudicial to the administration of justice); and C.R.C.P. 251.5(d) (failure to respond to request by Regulation Counsel).

### IV. SANCTIONS

The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court caselaw are the guiding authorities for selecting and imposing sanctions for lawyer misconduct in Colorado. The appropriate sanction depends upon the facts and circumstances of each case.

**2.** The Complaints in 03PDJ033 and 04PDJ078 are attached to this Report as Exhibits A and B.

## Analysis Under the ABA *Standards*

Under the circumstances established in the Complaints, the appropriate sanction can range from a lengthy period of suspension to disbarment. According to ABA *Standard* 4.11, disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. However, suspension is generally appropriate, under ABA *Standard* 4.12, when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. According to ABA *Standard* 4.41, disbarment is generally appropriate when a lawyer abandons the practice, knowingly fails to perform services for a client, or engages in a pattern of neglect with respect to client matters, and the result is serious or potentially serious injury to a client. However, suspension is generally appropriate, under ABA *Standard* 4.42, when a lawyer knowingly fails to perform services or engages in a pattern of neglect, and the result is injury or potential injury to a client. According to ABA *Standard* 6.21, disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit and the result is serious or potentially serious (1) injury to a party or (2) interference with a legal proceeding. However, suspension is generally appropriate, under ABA *Standard* 6.22, when a lawyer knowingly violates a court order or rule and the result is (1) injury or potential injury to a client or party or (2) interference or with a legal proceeding.

In determining the appropriate sanction, ABA *Standard* 3.0 directs the Court to consider the following factors:

(1) the duty violated;

(2) the lawyer's mental state;

(3) the actual or potential injury caused by the lawyer's misconduct; and

(4) the existence of aggravating and mitigating factors.

### 1. Duties Violated

First and foremost, Respondent violated the duties owed to his clients. These clients sought his counsel, trusted his judgment, and expected him to competently represent their interests. Respondent's numerous egregious failures to act with diligence and honesty are set forth in the admitted Complaints, which are incorporated into this Report. In summary, Respondent allowed his clients to rely on him in matters affecting very personal aspects of their lives (divorce and child custody and support), and then deserted them. In some cases, Respondent attempted to conceal his neglect, while in other cases Respondent simply ceased all communication. Respondent's clients also entrusted their money to him, which Respondent did not account-for or return. Respondent breached his duty to the courts by failing to abide by court orders, both on behalf of his clients and on his own behalf. Because Respondent violated his duties to his clients and the courts, he also breached his duties to the public and the legal profession. "Attorney misconduct perpetuates the public's misperception of the legal profession and breaches the public and professional trust." *In re DeRose*, 55 P.3d 126, 131 (Colo.2002) (paraphrasing *In re Pautler*, 47 P.3d 1175, 1178 (Colo.2002)).

### 2. Mental State

Due to the fact that Respondent defaulted in this action, the PDJ is limited to the Complaints in determining Respondent's state of mind. Entry of default established that Respondent acted knowingly when he neglected numerous client matters and failed to communicate with clients over an extended period of time. Respondent also acted knowingly when he misappropriated client funds and failed to pay court-ordered child support.

### 3. Injury Caused

The facts established by the entry of default support a finding that Respondent caused serious harm and potential harm to his clients and to his ex-wife and child(ren). For example, in one matter, Respondent cost his client $14,144 when he failed to represent her rights regarding

child support.[3] In other matters, Respondent neglected to assert his clients' rights regarding the allocation of parental responsibility and parenting time, potentially harming the parent-child relationship.[4] In addition, Respondent still owes a number of his clients several thousands of dollars in unearned attorney fees, causing financial harm to those clients.[5] Finally, Respondent has financially harmed his former wife and child(ren) as a result of his failure to pay child support.

## 4. Aggravating and Mitigating Factors

### A. Matters in Aggravation, ABA *Standard* 9.2

#### i. Prior Disciplinary Offenses

Respondent received a letter of admonition in 1997 for violating Colo. RPC 1.16(d), 1.14(a), and 1.15(b). In that matter, Respondent retained the entirety of a $7,500 flat fee, including any unearned portion, after the client terminated his services. Respondent also failed to provide an accounting despite written requests.

#### ii. Dishonest or Selfish Motive

As Respondent did not appear at the Sanctions Hearing, his actual motive is unclear. However, because Respondent has retained client funds,[6] it is reasonable to draw the inference that he acted selfishly. And because Respondent made misrepresentations of fact to both a client[7] and an opposing counsel's staff member,[8] it is reasonable to draw the inference that Respondent acted dishonestly.

#### iii. Pattern of Misconduct

As demonstrated in the admitted Complaints and outlined above, Respondent has developed a history (beginning in approximately 1999) of neglecting client matters, mishandling fees, failing to comply with court orders, and misrepresenting his progress on cases.

#### iv. Multiple Offenses

Through default, Respondent has admitted to 37 individual claims involving eight separate clients, and five additional claims involving his ex-wife.

#### v. Substantial Experience in the Practice of Law

Respondent was admitted to the Bar of this Court in 1980, and has been practicing law for nearly 25 years. Thus, he has substantial experience, and should understand his professional responsibilities as an attorney.

#### vi. Indifference to Making Restitution

Respondent owes four clients for unearned and unreturned retainer fees,[9] and his ex-wife for a considerable amount of unpaid child support. Respondent has not made restitution. Nevertheless, there is no evidence in the record to show that his failure to do so is the result of indifference rather than a lack of ability. Therefore, the PDJ finds no aggravation for this factor.

### B. Matters in Mitigation, ABA *Standard* 9.3

Under ABA *Standard* 9.31, mitigating circumstances are considerations that may justify a reduction in the degree of discipline to be imposed. However, Respondent did not appear at the Sanctions Hearing. Thus, there is no evidence in mitigation.

---

3. First Complaint, Exhibit A (Stambaugh Matter).

4. First Complaint, Exhibit A (Edelman Matter); Second Complaint, Exhibit B (Wineinger–Deming and Casperson–Salensky Matters).

5. Second Complaint, Exhibit B (Wineinger–Deming, Cummings, Casperson–Salensky, Butler Matters).

6. Second Complaint, Exhibit B (Wineinger–Deming, Cummings, Casperson–Salensky, Butler).

7. First Complaint, Exhibit A (Kirk Matter).

8. First Complaint, Exhibit A (Edelman Matter).

9. The four clients are: Wineinger–Deming, Cummings, Casperson–Salensky and Butler.

## Analysis Under Colorado Supreme Court Caselaw

Colorado Supreme Court cases applying the ABA *Standards* fall into three general categories regarding the appropriate sanction for client neglect and abandonment: [10]

### 1. One-year-and-one-day suspension for neglect.

*E.g. People v. Rishel,* 956 P.2d 542 (Colo. 1998) (attorney suspended for one year and one day with special conditions for reinstatement for seriously neglecting two client matters); *People v. Regan,* 831 P.2d 893 (Colo.1992) (attorney with no prior history of discipline, no dishonest or selfish motive, and significant personal and emotional issues suspended for one year and one day based on stipulated pattern of neglect and misrepresentation).

### 2. Three-year suspension for abandonment.

*E.g. People v. Odom,* 914 P.2d 342 (Colo. 1996) (attorney with prior history of similar discipline who defaulted in disciplinary proceedings suspended for three years for failing to keep civil client informed about important developments and, in another matter, for abandoning criminal client, creating a conflict of interest, and failing to perform requested services or return retainer); *People v. Shock,* 970 P.2d 966 (Colo.1999) (attorney with no prior discipline suspended for three years following default for effectively abandoning two clients when aggravating factors included the presence of dishonesty or selfish motive, multiple offenses, a pattern of misconduct, and indifference to making restitution); *In the Matter of Demaray,* 8 P.3d 427 (Colo.1999) (inexperienced attorney with no prior discipline suspended for three years for abandoning criminal client and causing potential serious harm, then failing to cooperate with investigation

where no evidence of misappropriation of funds).

### 3. Disbarment for abandonment plus other serious misconduct.

*E.g. People v. Townshend,* 933 P.2d 1327 (Colo.1997) (lawyer who had previously received letter of admonition and private censure disbarred for accepting advance fees from two clients then abandoning them without returning or accounting for unearned fees); *People v. Valley,* 960 P.2d 141 (Colo.1998) (attorney who defaulted in disciplinary proceeding disbarred for abandoning law practice, disregarding court orders, and making misrepresentations to clients, where aggravating factors included previous discipline, dishonest or selfish motive, indifference to restitution, vulnerable victims, substantial legal experience, multiple offenses, a pattern of misconduct, and bad faith obstruction of disciplinary proceedings); *People v. Steinman,* 930 P.2d 596 (Colo.1997) (lawyer disbarred after accepting fees then abandoning clients and causing serious harm while failing to return the fees); *People v. Tucker,* 904 P.2d 1321 (Colo.1995) (lawyer disbarred after abandoning clients while continuing to collect fees for work never performed).

In fact, disbarment is the presumptive sanction for knowing conversion alone. Knowing conversion "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *People v. Varallo,* 913 P.2d 1, 11 (Colo.1996) (quoting *In re Noonan,* 102 N.J. 157, 506 A.2d 722, 723 (1986)). Neither the lawyer's motive in taking the money, nor the lawyers intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11. The Colorado Supreme Court has indicated that a lawyer's knowing misappropriation of funds, whether belonging to a client

---

**10.** While the distinction between neglecting clients and abandoning them is not clear, the Presiding Disciplinary Judge's opinions provide a test that differentiates abandonment from neglect in attorney discipline cases. *E.g. People v. Segal,* 62 P.3d 173, 176 (Colo.O.P.D.J.2002) (proof of abandonment requires, in addition to failure to

accomplish specific tasks for clients and failure to communicate, evidence that attorney has deserted, rejected, or relinquished professional responsibilities). The PDJ's opinions offer guidance in these matters, but they do not have precedential value. *In the Matter of Roose,* 69 P.3d 43, 48–49 (Colo.2003).

or third party, warrants disbarment except in the presence of extraordinary factors in mitigation. *Id.* at 11; *People v. McGrath*, 780 P.2d 492, 493 (Colo.1989); *People v. Lavenhar*, 934 P.2d 1355, 1359 (Colo.1997); *In re Thompson* 991 P.2d 820, 823 (Colo.1999); *In the Matter of Fischer*, 89 P.3d 817 (Colo. 2004). However, the Court has also recognized the relevance of the specific type of conversion at issue (i.e. stealing funds, commingling funds, retention of unearned funds, etc.). *E.g. Fischer*, 89 P.3d at 821. In *Townshend*, 933 P.2d 1327, the conversion consisted of failure to return unearned fees, which was part of a pattern of neglect and abandonment. The respondent in that case was disbarred. *Id.*

### Conclusion

Respondent's conduct involves more than a simple case of client neglect. The admitted Complaints reveal a pattern of neglect affecting numerous clients, effective abandonment of those clients, and misappropriation of funds tendered for the performance of specific services. This combination of client abandonment plus the failure to return unearned fees warrants serious discipline. Both the ABA *Standards* and Colorado Supreme Court caselaw support disbarment under such circumstances, absent extraordinary factors in mitigation. No mitigating evidence has been presented. Thus, upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused, the presence of several aggravating factors, along with the absence of mitigating factors, the Court concludes that there is no justification for a sanction short of disbarment.

### V. *ORDER*

It is therefore ORDERED:

1. STEVEN MARTIN SEGALL, attorney registration number 10692, is DISBARRED from the practice of law in the State of Colorado, effective thirty-one (31) days from the date of this Order, and his name shall be stricken from the roll of attorneys licensed to practice law in the State of Colorado.

2. Respondent shall pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days from the date of this Order. Respondent shall have ten (10) days thereafter to submit a response.