The **PEOPLE** of the State of Colorado, Complainant,

v.

**Frederic Ames RIGHTER, Respondent.**

No. GC98A120.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 17, 1999.

## OPINION AND ORDER IMPOSING SANCTIONS

### *SANCTION IMPOSED: ATTORNEY DIS-BARRED*

This matter was heard on May 21, 1999 before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Robert Millman and Frederick Y. Yu, both members of the Bar. Josephine D. Luna, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People"). Frederic Ames Righter ("Righter") did not appear individually or by counsel.

The People called Charles Bump, William Abshagen, Paul W. Whistler and L.M. Barnett[1] as witnesses. The People introduced and the PDJ admitted Exhibits 1 through 4 into evidence.

### I. CHARGES

The Complaint in this disciplinary matter, filed November 5, 1998, charged Righter with two separate counts. Both counts relied upon similar conduct: the abandonment of clients and conversion of client funds. The People charged that Righter's conduct in connection with both counts established grounds for discipline as provided in C.R.C.P. 241.6, and that Righter violated Colorado Rules of Professional Conduct ("Colo.RPC") 1.3 (neglecting a legal matter); Colo. RPC 1.4(a)(failing to keep a client reasonably informed); Colo. RPC 1.15(a)(failing

---

**1.** Mr. Barnett was called as a telephonic witness from New Mexico. No New Mexico authority was available to administer an oath to Mr. Barnett and accordingly he was unable to provide testimony. The Presiding Disciplinary Judge al-lowed Mr. Barnett to make a statement to the hearing board pursuant to C.R.C.P. 251.18(a). Mr. Barnett's statement was considered only in connection with the appropriate sanction to be imposed.

to hold property of clients separate); Colo. RPC 1.16(d)(upon termination failing to take steps to protect a client's interests); Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation); Colo. RPC 8.4(h)(other conduct that adversely reflects on the lawyer's fitness to practice law), and Colo. RPC 8.4(a)(conduct violating the rules of professional conduct).

Righter failed to answer the complaint filed against him. By Order dated January 4, 1999 default was entered against him, thereby establishing the allegations of fact contained in the People's complaint. *See People v. Pierson*, 917 P.2d 275, 275 (Colo. 1996).

## II. FINDINGS OF FACT

The PDJ and hearing board considered the testimony and exhibits admitted, assessed the credibility of the witnesses, and made the following findings of fact, which were established by clear and convincing evidence:

Frederic Ames Righter is an attorney licensed to practice law in the state of Colorado and is currently registered under attorney registration number 15213. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b). Righter has practiced law in Colorado for more than ten years.

### A. The Arias–Abshagen Matter

Arias–Abshagen, LLC hired Righter in early 1998 to handle two separate matters. The first involved filing a judgment previously obtained by Arias–Abshagen, LLC in the amount of $55,000 prior to the end of April, 1998. Righter failed to file the judgment.

The second matter concerned a liquor license application for a restaurant owned primarily by Arias–Abshagen, LLC. Righter was provided with $3,500 by the client for his fees, payment of the costs of petitioning the surrounding neighborhood, acquisition of the license, and payment of the state and city fees for the license. Approximately $2,252.50 of the $3,500 was designated by the client for payment of the state and city license fees.

Righter failed to take any action on behalf of Arias–Abshagen, LLC in connection with the liquor license application, or pay any of the required costs or fees associated with the licensure process. The client was unable to contact Righter after it had paid him the $3,500.

Arias–Abshagen, LLC was required to secure replacement counsel to handle both of the client matters, and was compelled to advance additional sums of money to replacement counsel for fees and the costs of the liquor license application. Replacement counsel demanded that Righter refund the unearned fees and unpaid costs. Replacement counsel also demanded that Righter deliver the client files. Righter neither delivered the client files nor refunded the unearned fees and unpaid costs.

Between the time that Arias–Abshagen, LLC paid Righter the $3,500 and the date that replacement counsel demanded the return of the unearned fees and unpaid costs, Righter's checking account balance dropped to $73.57, reflecting that Righter had spent his client's funds.

### B. The Silver Pick Matter

Charles Bump, on behalf of Silver Pick Condominium Association ("Silver Pick"), a homeowner's association, hired Righter to collect delinquent assessments. Righter was paid $1,500 by Silver Pick on May 23, 1998 to do the necessary work. The $1,500 payment was deposited into Righter's personal checking account on May 26, 1998. By June 4, 1998, Righter's personal checking account had a balance of $0.71, reflecting that Righter had spent his client's funds.

Righter mailed four form collection letters to four homeowners on behalf of his client. Thereafter, Righter took no further action on behalf of Silver Pick and did not respond to Mr. Bump's requests for information or his demand to return unearned fees.

## III. CONCLUSIONS OF LAW

Righter agreed to represent the interests of his clients, accepted funds from clients but failed to pursue their legal matters, failed to communicate with his clients, failed to deposit costs, retainers and unearned fees into a trust account, failed to account or return

unearned fees upon termination, failed to turn over client property and files upon termination, and converted monies belonging to his clients. Righter abandoned his clients and converted their fees to his personal use without authorization. Righter's conduct in both matters caused serious harm to his clients.

Righter failed to participate in these disciplinary proceedings and thereby failed to advance any justification for his misconduct.

Righter's misconduct constitutes clear violations of Colo. RPC 1.3 (neglecting a legal matter): he did not perform the legal services he agreed to perform nor otherwise protect his client; Colo. RPC 1.4(a)(failing to keep a client reasonably informed): he did not communicate with his clients after he took their money; Colo. RPC 1.15(a)(failing to hold property of clients separate): after taking his clients' funds he deposited them into his personal account rather than a trust account and expended the funds for purposes unrelated to his clients; Colo. RPC 1.16(d)(upon termination failing to take steps to protect a client's interests): he failed to turn over the client files to replacement counsel after his clients were required to secure alternative representation; Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation): he misled his clients into believing he would undertake to protect their interests and did not; he took his clients' money, agreed to expend it for a particular purpose and did not; and he converted his clients' money to his own use before the funds were earned. Righter's misconduct violated several of the rules of professional conduct and consequently also violated Colo. RPC 8.4(a)(conduct violating the rules for professional conduct). *See also People v. Skaalerud,* 963 P.2d 341, 344 (Colo.1998)(attorney admitting to violations of Colo. RPC 1.15(a), Colo. RPC 1.16(d), and Colo. RPC 8.4(c)); *People v. Zimmermann,* 960 P.2d 85, 86 (Colo.1998) (attorney stipulating to a violation of Colo. RPC 1.3, Colo. RPC 1.16(d), and Colo. RPC 1.15(a)); *People v. Gilbert* 921 P.2d 48, 49 (Colo.1996)(attor-

ney disbarred for conduct constituting violations of the Colorado Rules of Professional Conduct, including Colo. RPC 1.3, Colo. RPC 1.4(a), Colo. RPC 1.15(a), and Colo. RPC 8.4(c)).

■ The complaint also charged a violation of Colo. RPC 8.4(h)(other conduct that adversely reflects on the lawyer's fitness to practice law). Colo. RPC 8.4 provides:

Rule 8.4. Misconduct:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the act of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a judge, judicial officer, government agency or official;

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;

(g) engage in conduct which violates accepted standards of legal ethics; or

(h) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.

■ Colo. RPC 8.4 must be read in its entirety. Colo. RPC 8.4(h) prohibits "other" conduct that adversely reflects on the lawyer's fitness to practice law. "Other" conduct refers to conduct separate and apart from conduct described in the other subsections of Colo. RPC 8.4 [2].

The misconduct set forth in the complaint relies upon the same conduct to support both the charges under Colo. RPC 8.4(c) and Colo.

---

**2.** Colo. RPC 8.4(h) is unique to Colorado and is not extracted from the Model Rules of Professional Conduct promulgated by the American Bar Association. It is the successor to Code of

Professional Responsibility, DR 1–102(A)(6). *See* Committee Comment, Colorado Rules of Professional Conduct, 8.4.

RPC 8.4(h). Consequently, the charge under Colo. RPC 8.4(h) cannot be proved and is, therefore, dismissed.

## IV. SANCTIONS/IMPOSITION OF DISCIPLINE

■ Both the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992)("ABA *Standards*") and prior case law suggest that the presumptive sanction for abandonment of clients which results in harm, and conversion of client funds is disbarment.

Righter's misconduct satisfies the requirements of ABA *Standards* 4.11, 4.41(b), 4.41(c), and 5.11(b). Each of those sections suggest that disbarment is the appropriate sanction to impose.

Colorado case law suggests the same sanction. *See Matter of Stevenson,* 979 P.2d 1043, 1044 (Colo.1999)(attorney disbarred for abandoning client and misappropriating funds); *People v. Townshend,* 933 P.2d 1327, 1328 (Colo.1997)(attorney disbarred for effective abandonment of clients); *People v. Gilbert,* 921 P.2d 48, 50 (Colo.1996)(attorney disbarred for conversion of client funds and abandonment of practice).

Although Righter did not participate in these proceedings, the People informed the PDJ and hearing board that Righter had no prior disciplinary record [3]. The lack of prior discipline is a mitigating factor, ABA *Standard* 9.32(a). The PDJ and hearing board considered the following factors in aggravation pursuant to the ABA *Standard* 9.2: the presence of a dishonest or selfish motive, *see id.* at 9.22(b); a pattern of misconduct, *see id.* at 9.22(c); bad faith obstruction of the disciplinary proceeding by total failure to cooperate as required by the rules, *see id.* at 9.22(e); the respondent has refused to acknowledge the wrongful nature of his conduct, *see id.* at 9.22(g); Righter's substantial experience in the practice of law, *see id.* at 9.22(i); and he has been indifferent to making restitution, *see id.* at 9.22(j).

Considering the gravity of the offenses and the aggravating factors set forth above, disbarment is required in the present case notwithstanding the lack of a prior disciplinary record. *See People v. Varallo,* 913 P.2d 1, 12 (Colo.1996)(attorney disbarred for conversion of client funds).

## V. ORDER

It is therefore ORDERED as follows:

1. Frederic Ames Righter is DISBARRED from the practice of law effective thirty one-days from the issuance of this Opinion and Order Imposing Sanctions;

2. The name of Frederic Ames Righter shall be stricken from the list of attorneys authorized to practice law in the State of Colorado and before the Supreme Court of Colorado;

3. Righter is ORDERED to pay restitution to Arias–Abshagen, LLC in the amount of $3,500 plus statutory interest from April 1, 1998 and $1,500 plus statutory interest from May 26, 1998 to Silver Pick Condominium Association within ninety (90) days of the date of this Order;

4. Righter shall pay the costs of these proceedings within sixty (60) days of the date of this Order; and

5. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Righter shall have five (5) days thereafter to submit a response thereto.

---

3. Righter had been immediately suspended from the practice of law in this matter on October 27,1998 by Order of the Supreme Court. An immediate suspension in the same matter does not constitute prior discipline for purposes of aggravation under the ABA *Standards*.