**The PEOPLE of the State of Colorado, Complainant,**

v.

**Phillip McKevitt PEDERSEN, Respondent.**

**No. 99PDJ024.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Sept. 21, 1999.

174

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY, Hearing Board members E. STEVEN EZELL and DAVID A. HELMER.

## OPINION AND ORDER IMPOSING SANCTIONS

**SANCTION IMPOSED: ATTORNEY DISBARRED**

This matter was heard on July 26, 1999 before the Presiding Disciplinary Judge ("PDJ") and two Hearing Board members, E. Steven Ezell and David A. Helmer, both members of the Bar. Assistant Regulation Counsel Gregory G. Sapakoff represented the People of the State of Colorado ("the People") and the respondent, Phillip M. Pedersen did not appear, either in person or through counsel.

The People filed the Complaint in this action on February 18, 1999, alleging five counts of professional misconduct against Pedersen. Pedersen failed to submit an Answer to the Complaint. By Order dated May 7, 1999, the PDJ entered default against Pedersen, and therefore the allegations of fact contained in the complaint were deemed admitted. *See In the Matter of Michael F. Scott,* 979 P.2d 572, 573 (Colo.1999); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996); C.R.C.P. 251.15(b).

Notice of the sanctions hearing in this matter was served via certified mail on Pedersen on May 19, 1999. Pedersen failed to appear at the sanctions hearing. The PDJ and Hearing Board heard testimony from the People's witness, Joseph Naso ("Naso") and the People's Exhibits 1 through 3 were admitted into evidence. The PDJ and Hearing

Board considered the testimony and exhibits admitted, assessed the credibility of the witness, and made the following findings of fact, which were established by clear and convincing evidence:

## I. FINDINGS OF FACT

Pedersen has taken and subscribed the oath of admission, was admitted to the bar of this court on October 2, 1973 and is registered upon the official records of the Supreme Court, registration number 06294. Pedersen is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

In April 1998, Naso met with Pedersen to discuss a legal matter concerning Naso's son, Steven. Naso had contacted Pedersen concerning potential post-decree disputes related to the dissolution of marriage action which Pedersen had handled for Naso's son approximately ten years prior. Pedersen agreed to represent Steven Naso and obtained a $400.00 retainer to be applied against attorney's fees incurred in the representation. Pedersen and Naso signed a written fee agreement. Pedersen negotiated the $400.00 check the same day it was written.

Thereafter, Pedersen failed to perform any legal services on behalf of Steven Naso. By May 8, 1998, neither Naso nor his son had received any information from Pedersen. Naso attempted to contact Pedersen by phone and found that Pedersen's phone had been disconnected. Naso went to Pedersen's office address and learned that Pedersen had moved from that address without notice. Since that time, Naso has been unable to contact Pedersen and Pedersen has not returned nor accounted for the $400.00 retainer.

Pedersen's failure to represent the son's interests in this legal matter exposed the son to potentially serious injury.

## II. CONCLUSIONS OF LAW

The Complaint in this matter alleges five separate counts charging violations of Colo. RPC 1.3(a lawyer shall not neglect a legal matter entrusted to him); Colo. RPC 1.15(a)(failure to keep client funds separate from a lawyer's own property); Colo. RPC 1.16(d)(failure to return advance payment of fee that was not earned); Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and Colo. RPC 8.4(h)(other conduct that reflects adversely on a lawyer's fitness to practice law).

■ Pedersen's acceptance of the $400.00 retainer, his agreement to provide legal services, his complete lack of communication with either Naso or Naso's son for over fifteen months, his failure to inform his client of his office relocation, and his failure to refund or account for the $400.00 retainer, when considered together, establish that Pedersen neglected his client to such a degree that his misconduct constitutes abandonment. *People v. Righter*, 35 P.3d 159 (Colo.P.D.J.1999), 29 Colo. Law 140, 141 (Sept.1999)(finding that disbarment was appropriate sanction where, among other rule violations, attorney violated Colo. RPC 1.3 by agreeing to represent the interests of his clients, accepting funds from clients but failing to pursue their legal matters, failing to communicate with them, and failing to return unearned fees); *People v. Romero*, 35 P.3d 164 (Colo.P.D.J.1999), 29 Colo. Law. 142, 143 (Sept.1999)(finding that disbarment was appropriate sanction where, among other rule violations, attorney violated Colo. RPC 1.3 by misusing his position of influence and trust to take money from vulnerable clients, failed to perform the services he promised, and caused serious harm to clients). Such misconduct violated Colo. RPC 1.3(a lawyer shall not neglect a legal matter entrusted to him) and Colo. RPC 1.16(d)(failure to return advanced payment of fee that was not earned). *See People v. Roybal*, 949 P.2d 993, 995 (Colo.1997) (attorney stipulating to disbarment for, among other rule violations, a violation of prior rule DR 7–101(A)(1) (intentionally failing to seek the lawful objectives of the lawyer's client) by failing to communicate appropriately with his client about the status of her case, failing to respond to various motions and orders filed in the action resulting in the assessment of sanctions against him); *People v. Wallace*, 936 P.2d 1282, 1282 (Colo.1997)(holding that disbarment was appropriate sanction where, among other rule violations, attorney violated Colo. RPC 1.3 by

accepting retainer from client and subsequently failing to return phone calls, failing to comply with requests for information, and failing to keep scheduled meetings).

■ Pedersen's fee agreement with Naso, exhibit 2, provided "Philip M. Pedersen will represent you [Steven Naso] in your post-decree matter." Pedersen's affirmative representation to Naso and Naso's son in the fee agreement proved to be false. Not only did Pedersen fail to provide legal representation to Naso's son, he failed to inform either Naso or his son that he would not be doing so. Such conduct constitutes both deceit and misrepresentation under the circumstances of this case. Having agreed to represent the son's interests, Pedersen had an affirmative obligation to either do so or inform his client that he would not. *People v. Egbune,* No. GC98A13 (Colo.P.D.J.1999), 29 COLO. LAW. 132, 133 (Sept.1999) (holding that attorney's standing mute in the face of several inquiries by another attorney who claimed an interest in settlement proceeds acquired by attorney rose to the level of deceit and misrepresentation); *See Wallace,* 936 P.2d at 1283 (attorney has an affirmative obligation to act with reasonable diligence, abstain from neglecting the client's legal problem, comply with reasonable requests by the client for information, and account for or return retainer). Pedersen did neither. Consequently, Pedersen's misconduct violated Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation).[1] *See Righter,* 29 COLO. LAW at 141; *Romero,* 29 COLO. LAW. at 143.

■ The People also alleged that Pedersen's misconduct established a violation of Colo. RPC 1.15(a)(failure to keep client funds separate from a lawyer's own property). No allegation was advanced in the Complaint and no evidence was presented at the trial from which the PDJ and Hearing Board could determine the disposition of the $400.00 retainer. Although it was established that the funds were paid to Pedersen and never returned to Naso, it cannot be determined from the evidence presented whether the funds were deposited into a separate account as required by Colo. RPC 1.15(a) or were deposited in some other account and commingled with Pedersen's personal or law practice funds. It is the People's burden to prove by clear and convincing evidence all elements of the charges advanced. They have failed to do so with regard to the alleged violation of Colo. RPC 1.15(a).

### III. SANCTIONS/IMPOSITION OF DISCIPLINE

■ Both the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992)("ABA *Standards*") and prior case law suggest that the presumptive sanction for abandonment of clients which results in serious harm or exposes the client to potentially serious harm is disbarment.

Pedersen's misconduct satisfies the requirements of ABA *Standards* 4.41(b) [2] and 5.11(b) [3]. Each of those sections suggest that disbarment is the appropriate sanction.

Colorado case law suggests the same sanction. *See Matter of Stevenson,* 979 P.2d 1043, 1045 (Colo.1999)(attorney disbarred for abandoning client and misappropriating funds); *People v. Townshend,* 933 P.2d 1327, 1328 (Colo.1997)(attorney disbarred for effec-

---

1. The People also charged Pedersen with a violation of Colo. RPC 8.4(h) and acknowledged that the same conduct was relied upon to establish both the violations of Colo. RPC 8.4(c) and 8.4(h)(other conduct reflecting adversely upon a lawyer's fitness to practice law). A violation of Colo. RPC 8.4(h) cannot arise from the same misconduct upon which a violation of Colo. RPC 8.4(c) is premised. Consequently, the charged violation of Colo. RPC 8.4(h) is dismissed. *People v. Righter,* 35 P.3d 159 (Colo.P.D.J.1999), 28 COLO LAW. 140–41 (Sept.1999).

2. ABA *Standard* 4.41 provides:
   Disbarment is generally appropriate when:
   (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client.

3. ABA *Standard* 5.11 provides:
   Disbarment is generally appropriate when:
   (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

tive abandonment of clients); *People v. Gilbert,* 921 P.2d 48, 50 (Colo.1996)(attorney disbarred for conversion of client funds and abandonment of practice).

The PDJ and Hearing Board considered certain factors in aggravation pursuant to ABA *Standards,* 9.22. The People informed the PDJ and Hearing Board that Pedersen had three prior letters of admonition, two of which involved neglect of client matters and one involving mishandling of client funds. It is of particular importance to the PDJ and Hearing Board that the prior discipline, although not as egregious, is similar to the misconduct established in this case. Prior discipline is an aggravating factor pursuant to ABA *Standard* 9.22(a). Additionally, the PDJ and Hearing Board found that the facts in this case demonstrate the presence of a dishonest or selfish motive, *see id.* at 9.22(b); bad faith obstruction of the disciplinary proceeding by Pedersen's total failure to cooperate as required by the rules, *see id.* at 9.22(e); Pedersen's failure to acknowledge the wrongful nature of his conduct, *see id.* at 9.22(g); his substantial experience in the practice of law (more than ten years), *see id.* at 9.22(I), and Pedersen's indifference to making restitution, *see id.* at 9.22(j).

The PDJ and Hearing Board concluded that considering the gravity of the offenses and the aggravating factors set forth above, disbarment is required in the present case.

### IV. ORDER

It is therefore ORDERED:

1. That Phillip McKevitt Pedersen, registration number 06294, is DISBARRED from the practice of law effective thirty-one days from the date of this Order, and his name shall be stricken from the roll of attorneys licensed to practice law in this state.

2. Pedersen is ORDERED to pay restitution in the amount of $400.00 plus statutory interest from April 30, 1998 to the date of payment to Joseph Naso within sixty (60) days of the entry of this Order.

3. Pedersen is ORDERED to pay the costs of these proceedings within sixty (60) days of the date of this Order.

4. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

5. The charged violations of Colo. RPC 1.15(a) and Colo. RPC 8.4(h) are dismissed.