**The PEOPLE of the State of Colorado, Complainant,**

v.

**William Thomas HAMBRIC, Jr., Respondent.**

**Nos. 00PDJ003, 00PDJ011, 00PDJ024.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 31, 2001.

Opinion issued by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members DAVID S. WAHL, M.D., a representative of the public, and PAUL J. WILLUMSTAD, a member of the bar.

## REPORT, DECISION AND IMPOSITION OF SANCTIONS

### *SANCTION IMPOSED: ATTORNEY DISBARRED*

A sanctions hearing pursuant to C.R.C.P. 251.15(b) was held on August 10, 2000, before the Presiding Disciplinary Judge ("PDJ") and two Hearing Board members, David Wahl, M.D., a representative of the public, and Paul J. Willumstad, a member of the bar. Gregory G. Sapakoff, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). Respondent William T. Hambric ("Hambric")[1] did not appear either in person or by counsel.

The People's exhibits 1 through 3 were offered and admitted into evidence. The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence.

### *I. FINDINGS OF FACT*

Hambric has taken and subscribed to the oath of admission, was admitted to the bar of the Colorado Supreme Court on October 14, 1994, and is registered upon the official records of this court, registration No. 24584. Hambric is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

The Complaints in Case Nos. 00PDJ003 and 00PDJ011 were filed on February 17, 2000. The Complaint in Case No. 00PDJ024 was filed on March 14, 2000. Hambric did not respond to the Complaints. On April 20, 2000, the PDJ entered an order consolidating the three cases. On May 8, 2000, the PDJ granted default in favor of the People and against Hambric with respect to the Complaints in Case Nos. 00PDJ003 and 00PDJ011. The factual allegations set forth in the Complaints were deemed admitted and the charges were deemed established. On May 23, 2000, the PDJ granted default in favor of the People and against Hambric with respect to the Complaint in Case No. 00PDJ024. All factual allegations in the Complaint were deemed admitted and the charges were deemed established. *See* Complaints attached hereto as exhibit 1, 2 and 3.

### *II. CONCLUSIONS OF LAW*

In Case No. 00PDJ003 the entry of default established the following violations of The Colorado Rules of Professional Conduct ("Colo.RPC"): Colo. RPC 1.3 (neglect rising to the level of abandonment)(claim one); Colo. RPC 1.15(b)(failure to account for funds in which the client has an interest)(claim two); Colo. RPC 1.16(d)(failure to take steps to protect a client's interests upon termination of representation)(claim three); Colo. RPC 8.4(c)(dishonesty and conversion of client funds)(claim four); Colo. RPC 1.3 (neglect rising to the level of abandonment)(claim five); Colo. RPC 1.4(a)(failure to keep a client reasonably informed about the status of a matter and to comply with reasonable requests for information)(claim six); Colo. RPC 1.15(b) (failure to account for funds in which a client has an interest)(claim seven); Colo. RPC 1.16(d)(failure to take steps to protect a client's interests upon termination of representation)(claim eight); and Colo. RPC 8.4(c)(dishonesty and conversion of client funds)(claim nine).

Case No. 00PDJ003 involves misconduct by Hambric in two separate client matters, the Funcannon matter and the Sandoval matter. In both matters, Hambric was paid in advance to perform specific legal services. In both instances, Hambric failed to perform the services for which he was paid in advance and then abandoned his clients. Although Hambric performed a small portion of the services he agreed to provide, those minimal

---

1. The Colorado Supreme Court immediately suspended Hambric from the practice of law pursuant to C.R.C.P. 251.8 on February 10, 2000.

services did not fully consume the fees paid to him in advance by his clients. Hambric failed to refund any portion of the unearned fees paid to him. Moreover, notwithstanding his clients' efforts to obtain an accounting, Hambric made himself unavailable to them over an extended period of time while retaining possession and control of the unearned funds. From the totality of Hambric's conduct, it is reasonable to infer that his retention of the unearned funds was knowing. Through his continued exercise of dominion and control over these client funds, Hambric knowingly converted the funds of his clients.

In Case No. 00PDJ011 the entry of default established that Hambric violated Colo. RPC 1.3 (neglect)(claim one) and Colo. RPC 1.15(b)(failure to promptly deliver to a client funds to which the client was entitled)(claim two). This case pertains to Hambric's misconduct in representing one client, Eva Apodaca. In representing Ms. Apodaca, Hambric neglected a visitation rights matter in which he was paid in advance. Notwithstanding Hambric's acknowledgment to his client that he would refund the unearned portion of the fees paid to him, he did not do so until after his former client obtained a judgment against him in small claims court and he received notice that the Office of Attorney Regulation Counsel intended to seek immediate suspension of his license to practice law.[2]

In Case No. 00PDJ024, the entry of default established that Hambric violated Colo. RPC 1.4(a)(failure to communicate)(claim one); Colo. RPC 1.3 (neglect)(claim two); Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice)(claim three) and Colo. RPC 8.1(b)(knowing failure to respond reasonably to a lawful demand) and C.R.C.P. 251.5(d) (failure to respond to a request for information from a disciplinary authority or to cooperate in a disciplinary investigation)(claim four). This case pertains to Hambric's misconduct in representing two clients, Thomas L. Proctor and Christian Gilbert. In the Proctor matter, Hambric failed to communicate adequately with a client in a crimi-

nal matter. Hambric's lack of communication ultimately necessitated a continuance of the trial date and forced his client to obtain new counsel. In the Gilbert matter, Hambric failed to appear for proceedings scheduled in another criminal matter on at least two occasions, resulting in a finding that Hambric was in contempt of court. Hambric neglected Mr. Gilbert's case. Hambric's misconduct required the rescheduling of hearings and the initiation of contempt proceedings. Such misconduct is prejudicial to the administration of justice. In connection with the investigation into the Gilbert matter, Hambric received a request for information from the Office of Attorney Regulation Counsel and knowingly failed to respond contrary to his duties and obligations under C.R.C.P. 251.10(a).

### III. Sanctions/Impositions of Discipline

■ The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") is the guiding authority for selecting the appropriate sanctions to impose for lawyer misconduct. ABA *Standard* 4.11 provides "disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." In the instant case, it was established that Hambric knowingly converted funds belonging to his clients, the Funcannons, and to Ms. Sandoval. ABA *Standard* 4.41(a) provides that "disbarment is generally appropriate when a lawyer abandons the practice and causes serious or potentially serious injury to a client." Hambric abandoned his clients in the Funcannon matter and the Sandoval matter. ABA *Standard* 4.42(b) provides that suspension is generally appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client."

■ Under Colorado law, disbarment is the warranted sanction for conversion coupled with abandonment. *See People v. Townshend,* 933 P.2d 1327 (Colo.1997)(disbarring the attorney for accepting retainers from two clients and then effectively aban-

---

**2.** The claims advanced in this Complaint do not allege that Hambric's conduct regarding the Apo-

daca funds constituted knowing conversion.

doning their matters); *People v. Varallo,* 913 P.2d 1, 12 (Colo.1996)(disbarring attorney for knowingly using client funds for his personal benefit, appropriating client's refundable retainer with without authorization, commingling client and personal funds and failing to pay investigator); *People v. Elliot,* 99PDJ059 (consolidated with 99PDJ086), slip op. at 8 (Colo. PDJ March 1, 2000), 29 Colo. Law.112, 114 (May 2000)(disbarring the attorney for converting client funds by failing to promptly refund the unearned retainer and abandoning the clients in violation of Colo. RPC 8.4(c) and Colo. RPC 1.16(d)); *People v. Pedersen,* 35 P.3d 173, 177 (Colo. PDJ 1999), 28 Colo. Law.134, 135 (Nov.1999)(disbarring the attorney for failing to provide legal services for which he was paid a retainer, failing to communicate with his client for over fifteen months and failure to refund or account for the unearned retainer).

Determination of the appropriate sanction requires the PDJ and Hearing Board to consider mitigating and aggravating factors pursuant to ABA *Standards* 9.32 and 9.22 respectively. Hambric did not participate in these proceedings therefore no mitigating factors were presented. The facts deemed admitted in the Complaints establish several aggravating factors pursuant to ABA *Standard* 9.22: Hambric had a dishonest or selfish motive, *see id.* at 9.22(b); he engaged in a pattern of misconduct, *see id.* at 9.22(c); he engaged in multiple offenses, *see id.* at 9.22(d), and he engaged in bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency, *see id.* at 9.22(e).

Moreover, Hambric has two prior instances of professional discipline, *see id.* at 9.22(a): he received two Letters of Admonition ("LOA") in 1997. The first LOA arose from Hambric's violation of Colo. RPC 1.4(a) by failing to keep his client informed of the status of her bankruptcy matter; a violation of Colo. RPC 1.1 by agreeing to handle a bankruptcy case even though he was not competent in that area of law; and a violation of Colo. RPC 1.3 by failing to prepare and file the client's bankruptcy petition for over one year while assuring her that he

would do so. In the second LOA, Hambric violated Colo. RPC 1.4(a) and (b) by failing to make reasonable efforts to respond to messages and calls from his client, and Colo. RPC 1.16(d) by failing to withdraw upon the client's request and unreasonably delaying the transfer of files to his client despite numerous requests.

Disbarment is warranted in this case based upon the facts and violations in the Funcannon and Sandoval matters alone. Moreover, the misconduct in the other matters demonstrates a disturbing pattern involving neglect of client matters, failure to communicate with clients, mishandling of client funds (in the Apodaca matter), conduct prejudicial to the administration of justice and failure to respond inquiries from the Office of Attorney Regulation Counsel to such a degree that either disbarment or a lengthy period of suspension would be required.

Hambric's actions resulted in harm to the clients. In the Funcannon and Sandoval matters, Hambric knowingly converted the clients' funds and then abandoned them. In the Apodaca matter, the client was compelled to bring a small claims action against Hambric in order to recover her retainer. In the Proctor and Gilbert matters, Hambric's lack of communication ultimately necessitated a continuance of scheduled court proceedings and forced his clients to obtain new counsel. Based on the serious nature of the misconduct, and considering the aggravating factors, the PDJ and Hearing Board find that disbarment is required in the within matter.

## IV. ORDER AND IMPOSITION OF SANCTIONS

It is therefore ORDERED:

1. WILLIAM T. HAMBRIC, attorney registration number 24584 is DISBARRED from the practice of law effective thirty-one days from the date of this Order and his name shall be stricken from the roll of attorneys licensed to practice law in the State of Colorado.

2. Hambric is ordered to pay restitution within twelve (12) months from the issuance of this decision in the amount of $600.00 in the Funcannon matter

and in the amount of $550.00 in the Sandoval matter.

3. Hambric is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within fifteen (15) days of the date of this Order; Hambric shall have five (5) days thereafter to submit a response thereto.

## Exhibit 1

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

## JURISDICTION

The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 14, 1994, and is registered upon the official records of this court, registration no. 24584. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 210 North Commercial, Trinidad, Colorado 81082, and his registered home addresses are P.O. Box 144, Trinidad, Colorado 81082 and 323 Beech Street, Trinidad, Colorado 81082.

## The Funcannon Matter
### CLAIM I

### [Neglect and abandonment— Colo. RPC 1.3]

2. In November of 1998, Melanie Funcannon and her husband were served with a summons and complaint in a lawsuit filed by Carl W. Thomas and others in the District Court for Las Animas County.

3. The suit filed against the Funcannons involves claims for an easement across property owned by the Funcannons in Las Animas County, and is docketed as case number 98CV123.

4. After the summons and complaint were served on the Funcannons in case number 98CV123, they retained the respondent to represent them in the lawsuit.

5. The Funcannons agreed to make payments to the respondent in the amount of $100.00 per month for representation in the case.

6. The respondent failed to clarify to the Funcannons exactly how much the total fee would be for his representation or how he would determine the amount of the fee.

7. The Funcannons made the first payment of $100.00 to the respondent on January 7, 1999, and received a receipt from the respondent.

8. The Funcannons made subsequent payments to the respondent in the amounts of $100.00 each in February, March, April, May and June of 1999.

9. In December of 1998, the respondent filed an answer to the complaint in case number 98CV123 on behalf of the Funcannons, thereby entering his appearance in the case as their attorney of record.

10. After the respondent filed an answer on behalf of the Funcannons, they did not receive any further information about their case from the respondent and the court file reveals no further activity of record by the respondent.

11. After the Funcannons paid the respondent an additional $100.00 in June of 1999, the respondent told Ms. Funcannon that he was going to "quit" her case and was moving to Denver.

12. The respondent failed to take any further steps to protect the Funcannons' interests in case number 98CV123.

13. The respondent did not file a motion to withdraw as counsel for the Funcannons in case number 98CV123.

14. The respondent failed to perform the services for which he was paid in advance by the Funcannons.

15. Since the respondent announced to Ms. Funcannon that he intended to "quit" her case, the Funcannons have been unable to communicate with the respondent.

16. The Funcannons are unable to locate the respondent.

17. The respondent neglected legal matters entrusted to him by the Funcannons and abandoned the Funcannons as clients.

18. Through his conduct as described above, the respondent violated Colo. RPC 1.3 (a lawyer shall not neglect a legal matter entrusted to him).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM II

#### [Failure to account for funds in which a client has an interest—Colo. RPC 1.15(b) ]

19. Paragraphs 2 through 18 are incorporated herein.

20. The Funcannons have attempted to obtain an accounting with respect to the funds they paid to the respondent for representation in case number 98CV123.

21. The Funcannons have been thwarted in their efforts to obtain an accounting because the respondent has made himself unavailable to them by telephone or in person.

22. The respondent has never submitted to the Funcannons any bills, invoices, or an accounting with respect to any of the services he performed for them in relation to case number 98CV123, nor has he accounted for the funds they paid to him for representation in that matter.

23. The Funcannons are entitled to a refund of at least a portion of the funds they paid to the respondent for representation in case number 98CV123.

24. The respondent has not refunded any of the money paid to him by the Funcannons for representation in case number 98CV123.

25. Through his conduct as described above, the respondent violated Colo. RPC 1.15(b) (upon receiving funds or other property in which a client has an interest, a lawyer shall, promptly or as otherwise permitted by law or by agreement with the client, deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, render a full accounting regarding such property).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM III

#### [Failure to take steps to protect a client's interests upon termination of representation – Colo. RPC 1.16(d) ]

26. Paragraphs 2 through 25 are incorporated herein.

27. After receiving the Funcannons' payment in June of 1999, the respondent effectively terminated his representation of the Funcannons.

28. In terminating his representation, the respondent failed to allow the Funcannons time for employment of other counsel.

29. In terminating his representation, the respondent failed to formally withdraw from representation in case number 98CV123, and failed to comply with any of the notice requirements of C.R.C.P. 121 Section 1–1, concerning withdrawal from representation.

30. Prior to terminating his representation, the respondent did not perform services sufficient to earn the entire fee paid to him in advance by the Funcannons.

31. Upon terminating his representation in case number 98CV123, the respondent failed to refund to the Funcannons the unearned portion of the fee paid to him in advance for representation in the case.

32. In connection with the representation, the Funcannons provided to the respondent all of the information and documents they possessed concerning the property that was the subject matter of the litigation, including title reports Ms. Funcannon had obtained from the county.

33. Upon terminating his representation, the respondent failed to return to the Funcannons any of the documents provided to him in connection with the representation.

34. Through his conduct as described above, the respondent violated Colo. RPC 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any

advance payment of fee that has not been earned).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM IV

### [Dishonesty/conversion – Colo. RPC 8.4(c) ]

35. Paragraphs 2 through 34 are incorporated herein.

36. The Funcannons paid the respondent in advance for representation in case number 98CV123.

37. The respondent failed to perform all of the legal services he was paid in advance to perform.

38. Despite having failed to provide legal services sufficient to warrant his retention of the full amount paid to him by the Funcannons, the respondent has failed to refund any of the money paid to him in advance for representation.

39. As of the date of this complaint, it has been nearly eight months since the respondent effectively terminated his representation of the Funcannons and made himself completely unavailable to them.

40. The respondent is continuing to exercise dominion or ownership over all of the funds paid to him by the Funcannons without authorization from the Funcannons.

41. Under the circumstances, the respondent's retention of all of the funds paid to him by the Funcannons constitutes conversion.

42. Through his conduct as described above, the respondent has violated Colo. RPC 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

WHEREFORE, the complainant prays at the conclusion hereof.

### *The Sandoval Matter*
### CLAIM V

### [Neglect/abandonment – Colo. RPC 1.3]

43. Paragraphs 2 through 42 are incorporated herein.

44. In September of 1997, Marina Sandoval retained the respondent to represent her in seeking to have the name of one of her sons removed from the title to her home.

45. The respondent advised Ms. Sandoval that the proper procedure for accomplishing the desired result would be to file a quiet title action.

46. On September 29, 1997, Ms. Sandoval paid the respondent $50.00 as part of his fee for filing the suit.

47. On March 23, 1998, Ms. Sandoval paid the respondent another $300.00.

48. On May 1, 1998, Ms. Sandoval paid the respondent an additional $200.00.

49. During the second half of 1998, Ms. Sandoval contacted the respondent's office frequently to determine the status of her case, and the respondent consistently promised to file suit on Ms. Sandoval's behalf.

50. Despite his continued promises to Ms. Sandoval, the respondent did nothing in regard to Ms. Sandoval's case throughout 1998.

51. In February 1999, the respondent gave Ms. Sandoval a complaint he had drafted to be filed in Las Animas County District Court and advised Ms. Sandoval that she and her other son, David, needed to sign the verification on the complaint before a notary public.

52. On February 4, 1999, Ms. Sandoval and her son, David, both signed the verification before a notary public.

53. After executing the verification on the complaint prepared by the respondent, Ms. Sandoval delivered the signed complaint to the respondent.

54. Ms. Sandoval reasonably understood that the respondent would sign and file the complaint and move forward with the quiet title suit.

55. Ms. Sandoval did not hear anything further from the respondent from February 1999 to May 1999.

56. In May and June of 1999, Ms. Sandoval attempted to contact the respondent by telephone frequently and left several telephone messages for him.

57. The respondent failed to return any of Ms. Sandoval's phone calls in May and June of 1999.

58. By late June, the respondent's telephone service had been disconnected at the phone number he had provided to Ms. Sandoval.

59. The complaint prepared by the respondent and signed by Ms. Sandoval and her son has never been filed in Las Animas County District Court.

60. The respondent has never provided Ms. Sandoval with any bills or invoices with respect to any services he may have performed.

61. Ms. Sandoval has not received any communication from the respondent since February of 1999, and is unable to locate or communicate with the respondent.

62. The respondent has failed to perform the services he was paid in advance to perform for Ms. Sandoval.

63. The respondent has abandoned Ms. Sandoval as a client.

64. Through his conduct as described above, the respondent has violated Colo. RPC 1.3 (a lawyer shall not neglect a legal matter entrusted to him).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VI

[Failure to keep a client reasonably informed about the status of a matter and to comply with reasonable requests for information – Colo. RPC 1.4(a) ]

65. Paragraphs 2 through 64 are incorporated herein.

66. The respondent has not communicated with Ms. Sandoval in any manner since February 1999.

67. The respondent has failed to return Ms. Sandoval's numerous telephone calls in 1999.

68. The respondent has failed to provide any information to Ms. Sandoval about the status of her legal matter or about the status of the respondent's law practice.

69. Through his conduct as described above, the respondent violated Colo. RPC 1.4(a) (a lawyer shall keep a client reasonably informed about the status of matter and promptly comply with reasonable requests for information from a client).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VII

[Failure to account for funds in which a client has an interest – Colo. RPC 1.15(b) ]

70. Paragraphs 2 through 69 are incorporated herein.

71. Ms. Sandoval has attempted to obtain an accounting with respect to the funds she paid to the respondent.

72. Ms. Sandoval has been thwarted in her efforts to obtain an accounting because the respondent has made himself unavailable to her.

73. The respondent has never submitted to Ms. Sandoval any bills, invoices, or an accounting with respect to any of the services he may have performed for her, nor has he accounted for the funds she paid to him for representation.

74. Ms. Sandoval is entitled to a refund of at least a portion of the funds she paid to the respondent for representation in the title matter.

75. The respondent has not refunded any of the money paid to him by Ms. Sandoval.

76. Through his conduct as described above, the respondent violated Colo. RPC 1.15(b) (upon receiving funds or other property in which a client has an interest, the lawyer shall, promptly or as otherwise permitted by law or by agreement with the client, deliver to the client any funds or other property that the client is entitled to receive and, upon request from a client, render a full accounting regarding such property).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VIII

[Failure to take steps to protect a client's interests upon termination of representation – Colo. RPC 1.16(d) ]

77. Paragraphs 2 through 76 are incorporated herein.

78. By abandoning Ms. Sandoval as a client, the respondent has effectively terminated his representation of Ms. Sandoval.

79. In terminating his representation, the respondent failed to take any steps to protect Ms. Sandoval's interests.

80. Prior to terminating his representation, the respondent did not perform services sufficient to earn the entire fee paid to him in advance by Ms. Sandoval.

81. Upon terminating his representation of Ms. Sandoval, the respondent failed to refund to her the unearned portion of the fee paid to him in advance for the representation.

82. Through his conduct as described above, the respondent violated Colo. RPC 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM IX

[Dishonesty/conversion – Colo. RPC 8.4(c) ]

83. Paragraphs 2 through 82 are incorporated herein.

84. Ms. Sandoval paid the respondent in advance for representation.

85. The respondent failed to perform the legal services he was paid in advance to perform for Ms. Sandoval.

86. Despite having failed to perform the legal services he was paid in advance to perform, the respondent has failed to refund any of the money paid to him by Ms. Sandoval.

87. As of the date of this complaint, it has been more than a year since the last communication between the respondent and Ms. Sandoval.

88. The respondent is continuing to exercise dominion or ownership over all the funds paid to him by Ms. Sandoval without authorization from Ms. Sandoval.

89. Under the circumstances, the respondent's retention of all of the funds paid to him by Ms. Sandoval constitutes conversion.

90. Through his conduct as described above, the respondent has violated Colo. RPC 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct, including Colo. RPC 1.3; Colo. RPC 1.4(a); Colo. RPC 1.15(b); Colo. RPC 1.16(d); and Colo. RPC 8.4(c), which establish grounds for discipline as provided in C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct, and that he be appropriately disciplined and assessed the costs of these proceedings.

GREGORY G. SAPAKOFF, # 16184
Assistant Regulation Counsel
JOHN S. GLEASON, # 15011
Regulation Counsel
600    17th Street, Suite 200–South
Denver, Colorado 80202
Telephone: (303) 893–8121
Attorneys for Complainant

### Exhibit 2

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### JURISDICTION

The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 14, 1994, and is registered upon the official records of this court, registration no. 24584. He is subject

to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 210 North Commercial, Trinidad, Colorado 81082, and his registered home addresses are P.O. Box 144, Trinidad, Colorado 81082 and 323 Beech Street, Trinidad, Colorado 81082.

## CLAIM I

### [Neglect—Colo. RPC 1.3]

1. On or about July 11, 1998, Eva Apodaca retained the respondent to represent her in seeking grandparental visitation rights.

2. Ms. Apodaca paid the respondent a retainer of $1,000.00 for the representation.

3. On July 21, 1998, the respondent filed a petition for custody and visitation on Ms. Apodaca's behalf.

4. The respondent also took steps to have Ms. Apodaca's daughter, the mother of the child, served with the petition.

5. In September 1998, Ms. Apodaca decided she did not want to go through with the case and advised the respondent of her decision.

6. On or about October 6, 1998, Ms. Apodaca had a chance meeting with the respondent and again told the respondent she wanted the case dismissed.

7. The respondent promised to take steps to have the matter dismissed and promised to send Ms. Apodaca a refund of the unearned portion of her retainer.

8. Following the October meeting, Ms. Apodaca waited for more than two months without receiving any communication from the respondent.

9. On or about December 16, 1998, Ms. Apodaca sent a letter by certified mail to the respondent requesting the refund.

10. The respondent signed for receipt of the letter personally.

11. As of January 13, 1999, Ms. Apodaca had still received no further communication from the respondent since October 1998, and had not received a refund from him.

12. On or about January 18, 1999, Ms. Apodaca contacted the Clerk of the Las Animas County Court and learned that her petition was still pending.

13. Upon learning that her petition was still pending, Ms. Apodaca wrote a letter to the judge assigned to the case requesting that the case be dismissed.

14. Pursuant to Ms. Apodaca's letter, the court dismissed the matter via a minute order.

15. The respondent neglected a legal matter entrusted to him by Ms. Apodaca by failing to take prompt action to dismiss Ms. Apodaca's case after being instructed to do so.

16. Through his conduct as described above, the respondent violated Colo. RPC 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client and shall not neglect a legal matter entrusted to that lawyer).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM II

### [Failure to promptly deliver to a client funds to which the client was entitled—Colo. RPC 1.15(b) ]

17. Paragraphs 2 through 17 are incorporated herein.

18. In late January 1999, Ms. Apodaca filed a small claims lawsuit against the respondent seeking the return of her $1,000.00 retainer.

19. Ms. Apodaca filed the lawsuit against the respondent because of his failure to refund her retainer or to otherwise respond to her communications after October 1998.

20. The respondent failed to file an answer in the small claims action commenced by Ms. Apodaca, resulting in the entry of a default judgment in favor of Ms. Apodaca and against the respondent in the amount of $1,032.00.

21. In May 1999, the Office of Attorney Regulation Counsel sent to the respondent a draft of a petition for immediate suspen-

sion concerning the respondent's license to practice law.

22. After receiving the draft petition, the respondent provided an accounting with respect to Ms. Apodaca's funds and paid the amount of the judgment entered in favor of Ms. Apodaca.

23. The respondent did not refund the unearned portion of Ms. Apodaca's retainer promptly, despite his knowledge that he had not earned the full retainer and that Ms. Apodaca had requested a refund.

24. Through his conduct as described above, the respondent violated Colo. RPC 1.15(b) (upon receiving funds or other property in which a client has an interest, a lawyer shall promptly or as otherwise permitted by law or by agreement with a client, deliver to the client any funds or other property that the client is entitled to receive).

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct, including Colo. RPC 1.3 and Colo. RPC 1.15(b), which establish grounds for discipline as provided in C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct, and that he be appropriately disciplined and assessed the costs of these proceedings.

GREGORY G. SAPAKOFF, # 16184
Assistant Regulation Counsel
JOHN S. GLEASON, # 15011
Regulation Counsel
600   17th Street, Suite 200–South
Denver, Colorado 80202
Telephone: (303) 893–8121
Attorneys for Complainant

### Exhibit 3

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### JURISDICTION

25. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 14, 1994, and is registered upon the official records of this court, registration No. 24584. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's last known registered address is 323 Beech Street, Trinidad, CO 81082.

### The Proctor Matter
### CLAIM I

### [Failure to Communicate—
### Colo.   RPC 1.4(a) ]

26. On or about May 12, 1998, the respondent entered his appearance on behalf of Thomas L. Proctor, the complaining witness in this matter, in combined Case Nos. 98CR15 and 98CR16, criminal matters pending against Mr. Proctor in Huerfano County District Court.

27. After entering his appearance, the respondent filed a motion for discovery and a motion to dismiss. He was also involved in setting the matter for trial commencing on September 16, 1998.

28. For several weeks leading up to the trial date, Mr. Proctor left several messages on the respondent's voice mail and also left messages for the respondent with the respondent's wife, who served as the respondent's legal assistant.

29. None of the telephone messages left by Mr. Proctor for the respondent during the several weeks leading up to the trial date were returned.

30. Mr. Proctor also had additional documents he believed were relevant to his case. He was unable to arrange a meeting with the respondent concerning the documents.

31. Because he had not heard from the respondent concerning his case, Mr. Proctor filed, on September 14, 1998, a *pro se* motion for continuance.

32. In his motion, Mr. Proctor alleged his communication problems with the respondent and the need to find new counsel as grounds for a continuance.

33. After receiving Mr. Proctor's motion for continuance, the court conducted a telephone conference with the prosecutor on the case and the respondent.

34. Based upon Mr. Proctor's motion and the telephone conference with the respondent, the court vacated the trial date and entered an order allowing Mr. Proctor one week to obtain new counsel before the case would be reset for trial.

35. The court allowed the respondent to withdraw from representation in Mr. Proctor's cases and, thereafter, the respondent was represented by the public defender's office.

36. Because of the respondent's failure to communicate with Mr. Proctor, the trial date in Mr. Proctor's cases had to be rescheduled and the resolution of the cases delayed.

37. Through his conduct as described above, the respondent violated Colo. RPC 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

WHEREFORE, the complainant prays at the conclusion hereof.

## THE GILBERT MATTER

### CLAIM II

#### [Neglect—Colo. RPC 1.3]

38. In February 1999, Christian Gilbert was arrested and charged with several felony counts as a result of an assault that occurred on February 7, 1999.

39. On or about March 8, 1999, the respondent entered his appearance for Mr. Gilbert in *People v. Gilbert,* Baca County District Court Case No. 99CR7.

40. After entering his appearance on behalf of Mr. Gilbert in Case No. 99CR7, the respondent failed to appear for proceedings scheduled in the case on at least two occasions.

41. Following the respondent's failure to appear for a motions hearing scheduled for September 27, 1999, the court entered an order for the issuance of a contempt citation to the respondent for his failure to represent his client properly.

42. On November 22, 1999, after being served with the contempt citation and an order to show cause, the respondent appeared before the Honorable Norman Lee Arends, the presiding judge in the case, and admitted the allegations of contempt.

43. Judge Arends found the respondent in contempt of court.

44. In the interim, the court appointed new counsel to represent Mr. Gilbert in the case.

45. While he was representing Mr. Gilbert, the respondent failed to take any steps to prepare for court proceedings and failed to appear for at least two scheduled court proceedings.

46. Through his conduct as described above, the respondent violated Colo. RPC 1.3 (neglect of a legal matter).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM III

#### [Conduct prejudicial to the administration of justice – Colo. RPC 8.4(d) ]

47. Paragraphs 14 through 22 are incorporated herein.

48. Mr. Gilbert's case (Case No. 99CR7) had been consolidated with the cases against two other individuals accused of participating in the same incident that was the subject matter of 99CR7.

49. Each of the defendants were represented by separate counsel who had to travel a significant distance to attend court proceedings in the District Court for Baca County.

50. Each time the respondent failed to appear for scheduled court proceedings, those proceedings had to be rescheduled after all other counsel had appeared in court.

51. The proceedings also had to be reset on the court's docket.

52. As a further consequence of the respondent's failure to appear for scheduled court proceedings in Case No. 99CR7, the court had to utilize additional court

time and resources to conduct contempt proceedings concerning the respondent.

53. The respondent's conduct as described above resulted in unnecessary delay in court proceedings and wasted the time and resources of the court, the other attorneys involved in the case, and the parties.

54. Through his conduct as described above, the respondent violated Colo. RPC 8.4(d).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM IV

[Failure to respond to a request for information from a disciplinary authority or to cooperate in a disciplinary investigation – Colo. RPC 8.1(b) and C.R.C.P. 251.5(d) ]

55. Paragraphs 14 through 30 are incorporated herein.

56. The request for investigation concerning the Gilbert matter was sent to the respondent at all the addresses listed above by certified mail on December 27, 1999, and, pursuant to C.R.C.P. 251.10, the respondent was notified of his obligation to submit a written response.

57. On December 29, 1999, the respondent's wife, Cassandra Hambric, signed for receipt of the certified correspondence at the respondent's home address.

58. The respondent failed to submit a response to the request for investigation within 20 days as requested in the correspondence from the Office of Attorney Regulation Counsel and as required by C.R.C.P. 251.10(a).

59. On January 25, 2000, another letter was sent to the respondent by the Office of Attorney Regulation Counsel, urging the respondent to submit a response to the request for investigation within 10 days from the date of the letter.

60. In the letter dated January 25, 2000, the respondent was advised that his failure to cooperate in the investigation could be grounds for discipline in and of itself.

61. The respondent failed to respond to the request for investigation or otherwise cooperate in the investigation concerning the Gilbert matter.

62. Through his conduct as described above, the respondent violated Colo. RPC 8.1(b) (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond reasonably to a lawful demand for information from a disciplinary authority); and C.R.C.P. 251.5(d) (failure to respond without good cause to a request by the Regulation Counsel).

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct, including Colo. RPC 1.3; Colo. RPC 1.4(a); Colo. RPC 8.1(b); Colo. RPC 8.4(d); and C.R.C.P. 251.5(d), which establish grounds for discipline as provided in C.R.C.P. 251.5, and the Colorado Rules of Professional Conduct and that he be appropriately disciplined and assessed the costs of these proceedings.

GREGORY G. SAPAKOFF, # 16184

Assistant Regulation Counsel

JOHN S. GLEASON, # 15011

Regulation Counsel

600   17th Street, Suite 200–South

Denver, Colorado 80202

Telephone:  (303) 893–8121

Attorneys for Complainant